UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC. | CIVIL ACTION |
| VERSUS | NO: 13-6369 |
| WINE BISTRO LLC ET AL. | SECTION: "J"(5) |

### ORDER AND REASONS

Before the Court is a *Motion for Attorneys' Fees and Court Costs* filed by Plaintiff, J&J Sports Productions, Inc. (J&J) **(Rec. Doc. 21)**. The motion is unopposed. Having considered the motion, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **GRANTED.**

### PROCEDURAL HISTORY AND BACKGROUND FACTS[1]

This matter arises out of J&J's claims that Defendants Wine Bistro LLC and Lee Bates unlawfully intercepted and exhibited a pay-per-view boxing match to which J&J had the exclusive commercial exhibition licensing rights. Neither Wine Bistro nor Lee Bates answered J&J's complaint or otherwise made any appearance. The Clerk entered notice of default on April 4, 2014. Upon J&J's motion, the Court entered default judgment in favor of

---

[1] The detailed facts of this case are outlined in the Court's *Order and Reasons* of July 30, 2014 (Rec. Doc. 19).

1

J&J on July 30, 2014. In its order, the Court instructed J&J to file a motion for attorneys' fees within fourteen (14) days. (Rec. Doc. 19). J&J filed its motion on August 15, 2014, and Defendants have not filed an opposition.

**DISCUSSION**

**I. Reasonable Attorneys' Fee Awards: Two-Step Analysis**

The United States Court of Appeals for the Fifth Circuit uses a two-step analysis to calculate fee awards. <u>Hernandez v. U.S. Customs & Border Prot. Agency</u>, No. 10-4602, 2012 WL 398328, at *13 (E.D. La. Feb. 7, 2012) (Barbier, J.). In the first step, the Court must calculate the "lodestar," which is accomplished "by multiplying the number of hours reasonably expended in the case by the prevailing hourly rate for legal services in the district." <u>Id.</u> (internal citations omitted).

In determining the number of hours billed for purposes of calculating the lodestar, the Court must "determine whether the requested hours expended by . . . counsel were reasonable in light of the facts of the case and the work performed. The burden of proving the reasonableness of the hours expended is on the fee applicant." <u>Hernandez</u>, 2012 WL 398328, at *13 (internal citations omitted). The Court must also determine whether the records show "that Plaintiffs' counsel exercised billing judgment" and "should

2

exclude all time billed for work that is excessive, duplicative, or inadequately documented." Id. at *14 (internal citations omitted).

In determining the hourly rates for purposes of calculating the lodestar, the Court must determine a reasonable rate for each attorney "at the prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." Id. (internal citations omitted). The burden is on the fee applicant to submit "satisfactory evidence that the requested rate is aligned with prevailing market rates." Id. (internal citations omitted).

Next, "the second step allows the Court to make downward adjustments, or in rare cases, upward adjustments, to the lodestar amount based upon consideration of the twelve Johnson factors." Id. The twelve Johnson factors are the following:

> (1) the time and labor required
> (2) the novelty and difficulty of the questions
> (3) the skill requisite to perform the legal service properly
> (4) the preclusion of other employment by the attorney due to acceptance of the case
> (5) the customary fee
> (6) whether the fee is fixed or contingent
> (7) time limitations imposed by the client or the circumstances
> (8) the amount involved and the results obtained
> (9) the experience, reputation, and ability of the attorneys

> (10) the "undesirability" of the case
> (11) the nature and length of the professional relationship with the client
> (12) awards in similar cases

Johnson v. Ga. Highway Exp. Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds*, Blanchard v. Bergeron, 489 U.S. 87 (1989).

Courts apply "a strong presumption that [the lodestar] figure is reasonable." Hernandez, 2012 WL 398328, at *16. Nevertheless,

> [T]he Court must still consider the twelve *Johnson* factors ... . Though the Court need not be "meticulously detailed" in its analysis, it must nonetheless articulate and clearly apply the twelve factors to determine how each affects the lodestar amount. The Court should give special consideration to the time and labor involved, the customary fee, the amount involved and the results obtained, and the experience, reputation, and ability of counsel. ... However, to the extent that a factor has been previously considered in the calculation of the benchmark lodestar amount, a court should not make further adjustments on that basis.

Id. (internal citations omitted).

**A. Lodestar Calculation**

J&J seeks attorneys' fees for 10.30 hours billed by Mr. Berthelot. (Rec. Doc. 21-3, pp. 1-2) J&J does not request a certain hourly rate for Mr. Berthelot and, instead, notes that Mr. Berthelot took the case on a contingency fee basis. Mr.

4

Berthelot has been practicing law for thirty-two years. (Rec. Doc. 21-2, p. 1) He has consistently devoted more than seventy percent of his law practice to civil litigation and has tried as first chair more than twenty-three civil jury trials and approximately 111 bench trials. Id. at 2.

The Court will first determine the reasonable hourly rate for Mr. Berthelot. A review of recent cases from the United States District Court for the Eastern District of Louisiana reveals $350 to be a reasonable hourly rate for an attorney of Mr. Berthelot's experience. See, e.g., Constr. S., Inc. v. Jenkins, 2011 WL 3892225 (E.D. La. Sept.2, 2011) (awarding $350/hour for two partners with 36 and 30 years of experience; $200/hour for an associate with four years of experience; and $180/hour for an associate with two years of experience); Atel Mar. Investors, LP v. Sea Mar Mgmt., LLC, 2011 WL 2550505 (E.D. La. June 27, 2011) (awarding $250 for partner with 35 years of experience; $250 for a partner with 11 years of experience; and $175 for an associate with 2 years of experience); Wilson v. Tulane Univ., 2010 WL 3943543 (E.D. La. Oct.4, 2010) (awarding $250.00/hour and $160.00/hour to attorneys with 25 and four years experience respectively); Hebert v. Rodriguez, 2010 WL 2360718 (E.D. La. June 8, 2010) (awarding $300.00/hour to partner with 33

years of experience); Gulf Coast Facilities Mgmt., L.L.C. v. BG LNG Servs., L.L.C., 2010 WL 2773208 (E.D. La. July 13, 2010) (awarding $300.00/hour to attorneys with 17 years experience and $180.00/hour and $135.00/hour to attorneys with seven years and two years experience respectively); Belfor USA Group, Inc. v. Bellemeade Partners, L.L.C., 2010 WL 6300009 (E.D. La. Feb. 19, 2010) (awarding $250.00/hour, $210.00/hour, and $180.00/hour to attorneys with 20, 10, and 4 years of legal experience, respectively).

Additionally, the Court finds that the total of 10.30 hours appears to be a reasonable number of hours billed by Mr. Berthelot, and those hours are well-documented. (Rec. Doc. 21-3, pp. 1-2) Defendants have not filed an opposition to challenge the number of hours billed by Mr. Berthelot. Therefore, the Court finds that the lodestar figure for Mr. Berthelot (10.30 hours at a rate of $350.00 per hour) is $3,605.00.

**B. Johnson Factors**

As discussed above, these lodestar figures are presumptively reasonable, but the Court must nevertheless consider the twelve Johnson factors to determine whether they warrant a downward adjustment or, in rare cases, an upward adjustment.

**1. Time and Labor Required**

The Court finds that the lodestar amount calculated above fairly accounts for the time and labor expended by the attorney in this case, and so no upward or downward adjustment of the lodestar calculation is warranted based on this factor.

**2. Novelty and Difficulty of the Questions**

The Court finds that the issues in this case were not sufficiently novel or difficult to warrant an upward adjustment of the lodestar calculation.

**3. Skill Requisite to Perform the Legal Service Properly**

The lodestar calculation already accounts for Mr. Berthelot's skills.

**4. Preclusion of Other Employment**

There is no contention in this case that Mr. Berthelot was precluded from taking other employment by virtue of the time and resources required to be expended in this case, and the Court therefore finds that this factor does not warrant an upward adjustment of the lodestar amount.

**5. Customary Fee**

The Court has no basis to conclude that the customary fee Mr. Berthelot charges warrants a departure from the lodestar amount.

**6. Fixed or Contingent Fee**

Although J&J states in its memorandum in support of the motion that "[m]ost lawyers practicing in this area of the law agree to accept tort cases based upon a contingency fee," J&J does not offer any specifics with regard to the instant case. (Rec. Doc. 21-1, p. 1) The Court therefore finds that this factor does not warrant an upward or downward adjustment of the lodestar amount.

**7. Time Limitations Imposed by Client or Circumstances**

The Court finds that there were no particular time limitations or constraints imposed on Counsel in this matter that would warrant an upward or downward adjustment.

**8. Amount Involved and Results Obtained**

Counsel for J&J achieved the results they sought, and this factor is already accounted for in the lodestar calculations.

**9. Experience, Reputation, and Ability of Attorneys**

Mr. Berthelot's experience, reputation, and ability is already accounted for in the lodestar calculations.

**10. Undesirability of the Case**

There is no contention in this case that the this case was undesirable, and the Court therefore finds that this factor does not warrant an upward adjustment of the lodestar amount.

**11. Nature and Length of Professional Relationship with Client**

There is no evidence that Mr. Berthelot discounted his fees because Plaintiff was a longstanding client, and so this factor does not warrant an upward adjustment from the lodestar amounts.

**12. Awards in Similar Cases**

This factor is neutral because the Court already considered recent awards of attorneys' fees in this district and took those awards into account when calculating the lodestar amount.

Because it appears that none of the Johnson factors warrants an upward or downward adjustment from the lodestar amount, the Court finds that the lodestar amount calculated for Mr. Berthelot – a total of $3,605.00 – is the correct award in this case.

## II. Court Costs

The Court has discretion to award reasonable costs to a prevailing party. See 47 U.S.C. § 553(c)(2). The Court previously announced its intention to award reasonable attorneys' fees and costs in this case. (Rec. Doc. 19, p. 14) In its motion, J&J itemizes its court costs, namely, the $400 filing fee for the complaint. (Rec. Doc. 21-3, p. 1) Thus, the Court will award $400 in court costs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Attorneys' Fees and Court Costs* filed by Plaintiff, J&J Sports Productions, Inc. **(Rec. Doc. 21)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Wine Bistro shall pay to Plaintiff, J&J Sports Productions, Inc., $3,605.00 in attorneys' fees and $400.00 in costs.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE